On January 30, 1987, Roxanne Serrano filed a paternity action against appellee, Howard Baugh, alleging that he was the father of her baby, Shardi Tonice Serrano, born December 10, 1986. Appellee voluntarily admitted and acknowledged that he was the father of Shardi and on February 5, 1987, the Trumbull County Common Pleas Court, Domestic Relations Division, entered judgment reflecting that appellee was the father and ordering him to pay $150 per month in child support to the mother. Subsequently, temporary custody of the child was awarded to Roxanne Serrano's mother, appellant, Dora Williamson.
On May 30, 1996, appellee filed a document captioned "Motion to Vacate pursuant to Civ.R. 60 and Motion for DNA testing." In the document, appellee asked the trial court to vacate its prior judgment establishing paternity because he did not fully understand his rights at the time of the earlier proceedings and because new evidence had arisen which required the vacation of the earlier judgment. Appellee claimed that he had reason to believe that he was not the child's father and that DNA testing should be performed.
On August 14, 1996, the trial court ordered genetic testing and held in abeyance appellee's motion to vacate pending the results of the test and a further hearing. On December 1, 1997, appellant filed a memorandum in opposition to appellee's motion to vacate arguing that appellee's Civ.R. 60(B) motion was not timely filed.
On December 9, 1997, a hearing was conducted by a magistrate without being recorded. On December 12, 1997, the trial court entered a judgment stating that it had reviewed the magistrate%s decision[1] and it was adopting the decision as its own. The trial court concluded that based on the results of the blood test, appellee was not the father of Shardi Serrano. However, a hearing was scheduled for March 1998 to decide the motion to vacate. No objections were filed from the magistrate's decision. Instead, on January 9, 1998, appellant filed a notice of appeal from the December 12, 1997 judgment entry. Appellant has set forth the following assignments of error:
 "1. The trial court erred by granting, sub silentio, defendant-appellee Baugh's 60(B) motion to vacate a February 5, 1987 judgment finding Baugh to be the father of the minor child, Shardi Serrano.
 "2. The trial court erred when it entered a judgment of paternity on December 12, 1997 that contradicted a prior judgment of paternity entered on February 5, 1987."
Before this court can reach the merits of appellant's two assignments of error, it is first necessary to address a procedural issue. It is apparent from the trial court's docket that the trial court's judgment of December 12, 1997, and the magistrate's report that it purportedly adopted are, in essence, a single document. The magistrate's report was not dated, filed and entered, time-stamped, or served on all parties or their attorneys as specifically required by Civ.R. 53(C)(3)(e). Thus, it was not a valid magistrate's report. The trial court's act of attaching it to its own judgment entry did not transform it into a viable magistrate's report. SeeSwarmer v. Swarmer (Dec. 18, 1998), Trumbull App. No. 97-T-0212, unreported, at 3; Wyatt v. Wyatt (Apr. 7, 1995), Portage App. No. 94-P-0085, unreported, at 3-4 ("this court expects a [magistrate's decision] and a court's judgment entry to be separate and distinct instruments which are complete and independent of each other.") Accordingly, since there was no valid magistrate's report, appellant did not have the opportunity to file objections to the report as is required by Civ.R. 53(E)(3)(a) which permits a party to file objections within fourteen days of the filing of the magistrate's decision.
The general rule is that a party is not permitted to assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law unless the party specifically objected to that finding or conclusion and, thus, permitted the trial court the first opportunity to review the issue raised. Civ.R. 53(E)(3)(b); see, also, Swarmer, supra, at 5, citing Inre: Brunstetter (Aug. 7, 1998), Trumbull App. No. 97-T-0089, unreported, at 7.
However, if no objections are made, "Civ.R. 53(E)(4)(a) allows a trial court to make an independent analysis of the issues and determine whether there is an error of law or other defect on the face of the [magistrate's] report when no party objects to such error or defect." Youngstown Metro. Hous. Auth.v. Barry (Dec. 16, 1996), Mahoning App. No. 94 C.A. 147, unreported, 1996 Ohio App. LEXIS 5714, at * 7-8.
In the present case, since no valid magistrate's report was filed, the trial court should have recognized that fact and should not have filed a judgment entry adopting the magistrate's report. Moreover, the fourteen day period to file objections was never triggered due to the lack of a valid magistrate's report.
Accordingly, this case must be reversed and remanded to the trial court to allow the magistrate to issue a report that complies with all aspects of Civ.R. 53. Therefore, we cannot reach the merits of appellant's assignments of error at this time as they have not been fully addressed by the trial court pursuant to Civ.R. 53.
The judgment of the trial court is hereby reversed and the matter remanded for further proceedings consistent with this opinion.
 --------------------------------- JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
FORD, P. J., NADER, J., concur.
[1] Attached to the trial court's judgment was an undated copy of what was purportedly a magistrate's report finding that based on the results of the genetic testing appellee was determinednot to be the father of the child. This magistrate's report was neither time-stamped nor filed.